ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY<br><br>Jan K. Dykhuizen,<br><br>        Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC<br><br>        Defendant. | COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br>CASE NO:2021-CP-26-<br><br><br>SUMMONS<br><br>Premises Liability<br><br>Jury Trial Demanded |

To:  The Defendant above named (Lowe's Home Centers, LLC).

YOU ARE HEREBY SUMMONED, and required to answer the Complaint herein, a copy which is herewith served upon you, and to serve a copy of your answer to the Complaint upon the subscribers, the address below, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to answer the Complaint, judgment by default will be rendered against you for relief demanded in the Complaint.

The Clemmons Law Firm, LLC


/s/Sheri McAllister
Sheri L. McAllister– SC Bar # 11896
Clemmons Law Firm, LLC
1800 North Oak St.
Myrtle Beach, SC 29577
(843) 448-4246 Fax: (843) 448-4292
Email: Sheri@clemmonslaw.com
ATTORNEYS FOR PLAINTIFF


January 9, 2021
Myrtle Beach, South Carolina

Jan K. Dykhuizen vs, Lowes Home Centers, LLC
COMPLAINT
EXHIBIT A

ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF HORRY** | **COURT OF COMMON PLEAS**<br>**FIFTEENTH JUDICIAL CIRCUIT**<br>**CASE NO:2021-CP-26-** |
| Jan K. Dykhuizen,<br><br>            Plaintiff,<br><br>vs.<br><br>Lowe's Home Centers, LLC<br><br>            Defendant. | **COMPLAINT**<br><br>Premises Liability<br><br>Jury Trial Demanded |

NOW COMES Plaintiff, Jan K. Dykhuizen, complaining of Defendant, Lowes Home Centers, LLC, and does allege and show unto this Honorable Court as follows:

1.    Plaintiff, Jan K. Dykhuizen, is a citizen and resident of Horry County, South Carolina.

2.    Defendant, Lowes Home Centers, LLC ("Lowes"), is a limited liability company organized and existing under the laws of the State of North Carolina but is doing business in South Carolina.    Lowes is registered with the South Carolina Secretary of State as a foreign corporation.

3.    The property at issue in this premises liability action is in Horry County, South Carolina.

4.    This Honorable Court has jurisdiction over the parties and the subject matter herein set forth.

## FACTS

5.    Upon information and belief, Lowes owns, maintains, controls and operates a commercial business known as Lowes Home Improvement (Store Number 1004), which is a building supply and general home improvement stores that derives an economic benefit from the general public through sales of various  home improvement and building supplies.

ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

6.    On or about June 18, 2020 in the morning hours, Plaintiff entered the premises owned, maintained, controlled, and operated by Lowes.

7.    Plaintiff entered the premises with express permission of Lowes and for a purpose benefiting Lowes.

8.    After Plaintiff entered the store, she went directly to the Garden Center to purchase rubber mulch. Her cart was positioned parallel to the racks of mulch.  She stood between the cart and mulch, facing forward towards the front of the store.  As Plaintiff was loading mulch into her cart she stepped backwards and fell over a random bag of wood ship mulch.  The wood chip mulch bag was lying out in the middle of the floor. It was not in the rack with the other bags of wood chip mulch which created a dangerous condition.

9.    Plaintiff's heel got caught in the bag of wood chip mulch causing her to lose her balance and fall. There was nothing nearby to break her fall, so she instinctively extended her right hand to break the fall.  Her hand landed on the edge of the wood chip mulch bag and the rest of her body landed on the floor near the edge of the bag.

10.    Further, the location of the wood chip bag which was not in its proper place (lying randomly in the floor) made the premises unreasonably hazardous to customers shopping in that department of the store.

11.    The very dangerous condition created and disregarded by Lowes caused injury to Plaintiff.

12.    Plaintiff was an invitee of Lowes and entered the premises with express permission for a purpose benefiting Lowes.

13.    When Plaintiff fell, she was transported by ambulance to South Strand Hospital Emergency Room in Surfside Beach, SC.  She was then transported to Grand Strand hospital after it was determined that she had suffered an open fracture of her right wrist and would require surgery.

ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

14.    Plaintiff was hospitalized for two nights. She was intubated and underwent an open reduction and internal fixation surgery at the fracture sight on her right wrist.

### FIRST CAUSE OF ACTION
(Negligence/Negligence Per Se)

15.    The allegations contained in Paragraphs 1 through 14 are incorporated herein by reference as fully as if set forth herein verbatim.

16.    Lowes owed a duty to warn Plaintiff of hidden dangers of which Lowes knew, should have known, or in the exercise of reasonable inspection of the premises could have known.

17.    Lowes further owed the duty to have the premises in a reasonably safe condition and give warning of latent or concealed perils.  Lowes owed a duty of due care to discover risks and take safety precautions to warn of or eliminate foreseeable risks.  Plaintiff was entitled to expect Lowes would take reasonable care to know the actual condition prevailing at the time she was on the premises and make those conditions safe.

18.    Alternatively, Lowes had the duty to use reasonable care to warn Plaintiff of the dangerous condition, and/or to eliminate the dangerous condition.

19.    Lowes had actual or constructive notice of the hazard which Plaintiff encountered through no fault of her own.

20.    Lowes was negligent, grossly negligent, wanton, reckless, and breached its duties to Plaintiff in the following particulars:

    a.  Failing to maintain the premises;

    b.  Failing to exercise due care in the construction and maintenance of the condition at issue;

    c.  Failing to do what a reasonable person or entity would have done under the circumstances;

ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

    d.  Failing to keep the floor of the premises free from items belonging in designated areas of storage.

    e.  Failing to warn of the dangerous condition.

    f.  Failing to take action to correct a known problem.

    g.  Failing to remove the random bag of mulch out of the path of customers.

    h.  Failing to implement policies to prevent the dangerous the condition at issue;

    i.  Failing to properly correct the condition at issue; and

    j.  In such particulars as may be found through discovery or trial.

All of which were the direct and proximate cause of the damages and injuries suffered by Plaintiff herein, said acts being in violation of the statutory and common law of the State of South Carolina.

21.  As a direct and proximate result of the aforesaid negligent, grossly negligent, careless, and reckless acts and omissions of Lowes, Plaintiff suffered from severe debilitating injuries including but not limited to:

    a.  Physical pain;

    b.  Suffering;

    c.  Hospitalization;

    d.  Mental anguish;

    e.  Emotional distress;

    f.  Possible permanent impairment of health and body efficiency;

    g.  Loss of enjoyment of life;

    h.  Increased susceptibility to future injury;

    i.  Substantial expenses for medical services;

    j.  Such other particulars as may be found through discovery or trial.

ELECTRONICALLY FILED - 2021 Jan 09 6:49 PM - HORRY - COMMON PLEAS - CASE#2021CP2600077

22.     Plaintiff had no knowledge or reason to suspect danger regarding the Lowes' premises. In addition, she exercised ordinary care for herself at all times.

23.     Lowes is liable to Plaintiff and she is entitled to actual and punitive damages as well as all other relief that may be proper.

WHEREFORE, Plaintiff prays to this Honorable Court that she may recover judgment against Lowes as follows:

      a. For actual and punitive damages to be determined by the trier of fact in an amount greater than of $100,000.00; and

      b. For such other and further relief as this Honorable Court may deem just and proper.

The Clemmons Law Firm, LLC

/s/Sheri McAllister
Sheri L. McAllister– SC Bar # 11896
1800 North Oak St.
Myrtle Beach, SC 29577
(843) 448-4246 Fax: (843) 448-4292
Email: Sheri@clemmonslaw.com
ATTORNEYS FOR PLAINTIFF

January 9, 2021
Myrtle Beach, South Carolina